# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| OHIO NATIONAL LIFE ASSURANCE CORPORATION, | |
| Plaintiff, | |
| v. | 1:17-cv-4953-WSD |
| MANUEL JOHN CHAKNIS, JOHN MANUEL CHAKNIS, ANTHONY ANDREW CHAKNIS, E.M.C., a minor, and M.C.C., a minor, | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Ohio National Life Assurance Corporation's ("Ohio Life") Motion for Interpleader Deposit [7] and John Manuel Chaknis and Anthony Andrew Chaknis's ("Movants") Motion for Appointment of Guardian Ad Litem for Minor Defendants [15]. No party filed an opposition to either pending motion.

## I.  BACKGROUND

On December 6, 2017, Ohio Life filed its Complaint in Interpleader to determine the proper ownership, distribution of, and Interpleader-Defendants' entitlement to, the death benefit of a life insurance policy insured against the life of

Caren Cocks Chaknis ("Insured") who died on August 28, 2017. [1]. The total benefit at stake is in the amount of $1,500,000.00 plus applicable interest. Ohio Life asserts that it is a disinterested stakeholder, it is uncertain as to the proper recipient of the benefits, it may be exposed to double or multiple liability unless this Court resolves all actual and potential conflicting claims to the death benefits. ([7] ¶ 3). Ohio Life moves to deposit the death benefit funds into the registry of this Court. ([7] ¶ 4).

The competing claims for the death benefit place the Insured's ex-husband, Manuel John Chaknis, against the Insured's children, John Manuel Chaknis, Anthony Andrew Chaknis, E.M.C. (a minor), and M.C.C. (a minor).[1] For the insurance policy at issue, the Insured designated her children, and the children of Manuel John Chaknis, as the sole beneficiaries of the policy. Manuel John Chaknis contends that he has an equitable interest superior to his children's claim as designated beneficiaries under the subject policy. Mr. Chaknis' claim is predicated upon language contained in a divorce agreement between him and the Insured.

---

[1] Manuel John Chaknis is also the father of the remaining defendants.

Movants state that the two minor interpleader defendants are in need of representation to pursue their legal claims. They request that the Court appoint Heather K. Karrh, Esq., as guardian ad litem pursuant to Fed. R. Civ. P. 17(c).[2]

## II. DISCUSSION

### A. Deposit of Funds

With respect to Ohio Life's request to deposit funds in the Court registry, Fed. R. Civ. P. 67 states that "[i]f any part of the relief sought is a money judgment or the disposition of a sum of money or some other deliverable thing, a party—on notice to every other party and by leave of court—may deposit with the court all or part of the money or thing, whether or not that party claims any of it." No party opposes Ohio Life's motion and the Court finds good cause to grant the motion.

### B. Appointment of a Guardian Ad Litem

"[T]he appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure." Genworth Life Ins. Co. v. Sehorne, No. 8:07CV2308T30EAJ, 2008 WL 912438, at *4 (M.D. Fla. Apr. 1, 2008), citing Burke v. Smith, 252 F.3d 1260, 1264 (11th Cir. 2001). In pertinent part, Rule 17 provides:

---

[2] The parties have subsequently informed the Court that all parties consent to the appointment of Heather K. Karrh, Esq., as the guardian ad litem for the minor children, E.M.C. and M.C.C.

> [a] minor or an incompetent person who does not have a duly appointed representative may sue by next friend or by a guardian ad litem. The court must appoint a guardian ad litem-or issue another appropriate order-to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). "Where it is evident that a conflict of interest exists between a parent and a minor, the court has a duty to determine whether a guardian ad litem is needed." Genworth Life Ins., 2008 WL 912438, at *4, citing Burke, 252 F.3d at 1264.

Appointment of a guardian ad litem for the minor children, E.M.C. and M.C.C. is appropriate in this case. A conflict between the interests of Manuel John Chaknis and the interests of his minor children is readily apparent from the nature of this dispute.

Movants informed the court that Heather K. Karrh of Rogers, Hofrichter, and Karrh, has indicated that she is willing and available to serve in the role of guardian ad litem in this case for E.M.C. and M.C.C. and that she has specific experience serving in such a capacity in similar cases. The parties have also informed the Court that all parties consent to the appointment of Ms. Karrh as guardian ad litem.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff Ohio National Life Assurance Corporation's Motion for Interpleader Deposit [7] is **GRANTED**. Ohio Life is **DIRECTED** to pay $1,500,000, plus any applicable interest, representing the life insurance benefits payable by reason of the death of Caren Cocks Chaknis under Policy No. 6937485, into the registry of the Court. The Clerk is **DIRECTED** to accept and receive the above amount into the registry of this Court.

**IT IS FURTHER ORDERED** that John Manuel Chaknis and Anthony Andrew Chaknis's Motion for Appointment of Guardian Ad Litem for Minor Defendants [15] is **GRANTED**.

**IT IS FURTHER ORDERED** that Heather K. Karrh is appointed as guardian ad litem to protect the interests of defendants E.M.C. and M.C.C. in this matter.

**IT IS FURTHER ORDERED** that Ms. Karrh shall be paid for her services out of the interpleader fund in the Court's registry and that she shall submit an invoice to the Court for approval at the conclusion of her involvement in this action. The Court will determine a reasonable fee and expenses based upon

Ms. Karrh's submission of her detailed billing records specifying the services she performed.

**SO ORDERED** this 21st day of March, 2018.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE